IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

PHILLIP MORGAN

   **Plaintiff,**

v.           CV 02-PT-2630-M

BLUE CROSS BLUE SHIELD OF
ALABAMA

   **Defendant.**

**ENTERED**
**DEC 1 9 2002**

### MEMORANDUM OPINION

  This cause comes on to be heard on plaintiff's Motion to Remand filed on October 31, 2002.

  There is no dispute that the subject policy was secured as the result of COBRA, pursuant to an ERISA plan.  The case of *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341 (11th Cir. 1994) recognizes that COBRA amended ERISA and that thus "COBRA (i.e. ERISA) provided a conversion right for those policies."

  While there may be district court cases which suggest to the contrary, the better reasoned cases hold that continuation coverage under COBRA is governed by ERISA and that, thus, state law claims are preempted.  COBRA allows for "continuation coverage under the plan... ."  COBRA also provides that the coverage must be identical to that provided under the "plan," and modified if plan coverage is modified.  It would seem to be axiomatic that an amendment to ERISA which allows for continuation of "plan" coverage is subject to ERISA and thus is preemptive.



The court will deny the motion and allow the plaintiff ninety (90) days to exhaust administrative remedies and to move to amend to state an ERISA claim.  The action is stayed in the interim.

This the _____ day of December, 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT COURT

2